# United States Court of Appeals for the Federal Circuit

---

**MOVE, INC., NATIONAL ASSOCIATION OF REALTORS AND NATIONAL ASSOCIATION OF HOME BUILDERS,**
*Plaintiffs/Counterclaim Defendants-Appellees,*

AND

**RE/MAX INTERNATIONAL, INC., ADVANCED ACCESS, ENEIGHBORHOODS, LLC, BRAD KORB, CHRISTY MORRISON, ORANGE COUNTY MULTIPLE LISTING SERVICE, INC., (doing business as Southern California MLS), KELLER WILLIAMS REALTY, INC., NORCAL GOLD, INC., (doing business as RE/MAX Gold, Inc.), GEORGIA MLS, INC., METROLIST SERVICES, INC., DELAWARE VALLEY REAL ESTATE INFORMATION NETWORK, INC., (doing business as TREND), RAPATTONI CORPORATION, BIRDVIEW.COM, INC.,( doing business as Birdview Technologies), DELTA MEDIA GROUP, INC., FRANK HOWARD ALLEN REALTORS, ALAIN PINEL REALTORS, INC., PULTE HOMES, INC., THE RYLAND GROUP, INC., SHEA HOMES, TAYLOR MORRISON, INC., ( formerly know as Taylor Woodrow, Inc.) AVALONBAY COMMUNITIES, INC., ESSEX PROPERTY TRUST INC., BRE PROPERTIES, INC., RIVERSTONE RESIDENTIAL GROUP, LLC, THE FIRST AMERICAN CORPORATION, FIDELITY NATIONAL REAL ESTATE SOLUTIONS, LLC, IHOMEFINDER, INC., CIS DATA SYSTEMS, INC., DIVERSE SOLUTIONS, LLC, TREND SOFTWARE, INC., (do-**

**ing business as PropertyMinder), PAYMON
GHAFOURI, NATIONAL ASSOCIATION OF NEW
HOME BUILDERS, AND WANISOFT
CORPORATION**,
*Counterclaim Defendants,*

v.

**REAL ESTATE ALLIANCE LTD.,**
*Defendant/Counterclaimant-Appellant,*

AND

**EQUIAS TECHNOLOGY DEVELOPMENT LLC,**
*Defendant/Counterclaimant.*

––––––––––––––––––––

2012-1342

––––––––––––––––––––

Appeal from the United States District Court for the Central District of California in No. 07-CV-2185, Judge George H. King.

––––––––––––––––––––

Decided: March 4, 2013

––––––––––––––––––––

ROBIN L. MCGRATH, Paul Hastings LLP, of Atlanta, Georgia, argued for plaintiffs/counterclaim defendants-appellees. Of counsel on the brief was FRANK G. SMITH, III, Alston & Bird, LLP, of Atlanta, Georgia.

REBEKKA C. NOLL, Cadwalader, Wickersham & Taft, LLP, of New York, New York, argued for defendant/counterclaimant-appellant. With her on the brief were LOUIS M. SOLOMON and COLIN A. UNDERWOOD.

––––––––––––––––––––

Before RADER, *Chief Judge,* LOURIE, and MOORE, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Real Estate Alliance Ltd. ("REAL") appeals from the decision of the United States District Court for the Central District of California granting summary judgment that Move, Inc. ("Move") does not infringe claim 1 of REAL's U.S. Patent 5,032,989 (the "'989 patent"). *Move, Inc. v. Real Estate Alliance Ltd.*, No. 07-2185 (C.D. Cal. Jan. 26, 2012), ECF No. 493 ("*Remand Order*"). We vacate the court's grant of summary judgment and remand for further proceedings.

BACKGROUND

REAL owns the '989 patent, which is a continuation-in-part of U.S. Patent 4,870,576; both patents are now expired. The '989 patent is directed to methods for locating available real estate properties using a zoom-enabled map on a computer. Specifically, claim 1 recites:

1.  A method using a computer for locating available real estate properties comprising the steps of:

(a) creating a database of the available real estate properties;

(b) displaying a map of a desired geographic area;

(c) selecting a first area having boundaries within the geographic area;

(d) zooming in on the first area of the displayed map to about the boundaries of the first area to display a higher level of detail than the displayed map;

(e)  displaying the first zoomed area;

(f)  selecting a second area having boundaries within the first zoomed area;

(g)  displaying the second area and a plurality of points within the second area, each point representing the appropriate geographic location of an available real estate property; and

(h)  identifying available real estate properties within the database which are located within the second area.

'989 patent col. 15 l. 33–col. 16 l. 3.

Move operates and maintains multiple interactive websites that allow users to search for available real estate properties. Beginning in 2007, Move filed suit seeking a declaratory judgment that REAL's patents were invalid and that Move's websites did not infringe them. REAL counterclaimed, alleging that the "Search by Map" and "Search by Zip Code" functions employed by Move's websites infringed REAL's claimed search methodologies.

In 2009, the parties stipulated to noninfringement based on the district court's claim construction, and after judgment was entered in favor of Move, REAL appealed regarding only claim 1 of the '989 patent. In that appeal, we vacated and remanded, concluding that the district court erred in its claim construction, and issued an opinion construing the claim terms. *Move, Inc. v. Real Estate Alliance Ltd.*, 413 F. App'x 280 (Fed. Cir. 2011). In particular, we determined that "selecting an area" as recited in steps (c) and (f) of claim 1 means that "the user or a computer chooses an area having boundaries, not when the computer updates certain display variables to reflect the selected area." *Id.* at 286.

On remand, the parties each moved for summary judgment and the district court granted summary judg-

ment of noninfringement to Move. *Remand Order*, slip op. at 6. The court held that the "Search by Map" and "Search by Zip Code" functions of Move's websites were not direct infringements because they did not perform the "selecting" steps required by the claim. *Id.* In interpreting our construction that "selection takes place when the user or a computer chooses," the district court distinguished between circumstances that result in user selection, *viz.*, when the user does not have to create boundaries, but just selects an area with boundaries, versus circumstances that result in computer selection, *viz.*, something more than merely displaying a map after a user provides specific instructions about the geographic area of interest. *Id.* at 4.

The district court concluded that Move's systems did not meet the "selecting" requirements because, on its websites, a user first selects an already bounded area either by entering a zip code or by clicking on the name of a city or neighborhood, a point on a map, or a zoom bar, but then the computer merely updates the display variables to reflect the user's selected area. *Id.* at 5–6. In other words, in Move's systems, the *user*, not the computer, makes the "choice" to search in a certain area, and that chosen area "ha[s] boundaries," but then the computer merely displays the corresponding map. The court also concluded that Move's systems were not liable for joint infringement because Move did not exert direction or control over users who may have performed the selecting steps. *Id.* at 6.

REAL appealed from the grant of summary judgment of noninfringement. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

law." Fed. R. Civ. P. 56(a). "We review *de novo* a district court's grant of summary judgment, drawing all reasonable inferences in favor of the nonmovant." *Tokai Corp. v. Easton Enters., Inc.*, 632 F.3d 1358, 1366 (Fed. Cir. 2011); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Infringement is a question of fact. *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1129–30 (Fed. Cir. 2011). But, "[o]n appeal from a grant of summary judgment of non-infringement, we determine whether, after resolving reasonable factual inferences in favor of the patentee, the district court correctly concluded that no reasonable jury could find infringement." *Id.* at 1130.

On appeal, REAL contends that the district court deliberately disregarded our claim construction order in finding that only a human user performed steps that constitute "selecting an area having boundaries," contrary to our ruling that "both users and computers may select or choose." REAL alleges that Move's systems directly performed all claimed method steps under our construction, apart from the actions of any human user. Specifically, REAL asserts that after a map of a desired geographic area (*e.g.*, a county) is displayed on one of Move's websites according to step (b) of claim 1, the user clicks on a more defined area (*e.g.*, a neighborhood), and the Move computer responds by "select[ing] the world coordinates equal to the boundaries" of that more defined area (*i.e.*, "selecting a first area having boundaries [such as a neighborhood] within the geographic area [such as the county]" according to claimed step (c)). Appellant Br. 14–15, 18. REAL maintains that this selection is made from among the other areas within the larger geographic area that are defined by Move's computer system (*e.g.*, a list of different neighborhoods within the county), and the Move website automatically generates a display of this "zoomed" first area because the coordinates are stored in the Move computer system and are not known to the user.

In REAL's view, the user does not know the precise locations of the boundaries, or how they have been represented, stored or encoded, and processed in Move's computer system; the user merely designates an area to display and the computer then does the "selecting."

Move responds that, in construing the selecting steps, we held that "[s]election takes place when the user or a computer *chooses* an area having boundaries," and Move's computer never "chooses." Appellee Br. 22 (citing *Move*, 413 F. App'x at 285) (emphasis in original). Move maintains that there is nothing in REAL's description of Move's system that could lead a reasonable jury to conclude that Move's computer selected anything freely after consideration or made any sort of decision as to what to select. Move argues that, on the contrary, it was the user, after considering where he or she wished to search for properties, who freely selected or decided upon an area, then notified Move's computer of that choice by clicking on the selected area on the map or in a drop down menu. Move contends that its computer therefore does not choose or select which world coordinates to retrieve; the coordinates are pre-associated with a particular map, so that when a user clicks on a particular area (*i.e.*, a neighborhood within the county), the computer just retrieves the map associated with the user's choice.

To establish liability for direct infringement of a claimed method or process under 35 U.S.C. § 271(a), a patentee must prove that each and every step of the method or process was performed. *See Akamai Techs. Co. v. Limelight Networks, Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012) (en banc). In cases in which more than one entity performs the steps of a claimed method or process, a party is liable for direct infringement only if that party exercises "control or direction" over the performance of each step of the claim, including those that the party does not itself perform. *Golden Hour Data Sys., Inc. v. emsCharts, Inc.*, 614 F.3d 1367, 1381 (Fed. Cir. 2010)

("Where the combined actions of multiple parties are alleged to infringe process claims, the patent holder must prove that one party exercised control or direction over the entire process such that all steps of the process can be attributed to the controlling party, i.e., the mastermind." (internal quotation marks omitted)); *see also Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008); *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007) ("Courts faced with a divided infringement theory have also generally refused to find liability where one party did not control or direct each step of the patented process.") *overruled on other grounds by Akamai*, 692 F.3d at 1306. The determination is a fact-specific inquiry; relevant considerations include whether the accused direct infringer "provides instructions or directions" to another entity for performing steps of the patented process or, on the other hand, "contract[s] out steps of a patented process to another entity." *BMC*, 498 F.3d at 1381.

In the recent *en banc* decision of this court in *Akamai,* we decided an issue of divided infringement under § 271(b), rather than under § 271(a). *Akamai*, 692 F.3d at 1307. We found that "we have no occasion at this time to revisit any of those principles regarding the law of divided infringement as it applies to liability for direct infringement under 35 U.S.C. § 271(a)." *Id.*

Thus, on the issue of direct infringement under § 271(a), we agree with the district court that there is no genuine issue of material fact that Move does not control or direct the performance of each step of the claimed method. Like the district court, we focus our analysis on steps (c) and (f) of claim 1. *See Remand Order*, slip op. at 3. If the performance of those steps is not attributable to Move, then Move cannot be directly liable for infringing REAL's asserted method claim.

We note that, in contrast to REAL's characterization of the district court's analysis, the court explicitly acknowledged that our claim construction covered systems in which either a user or a computer performed the selecting. *Id.* The court disagreed with REAL's argument, as do we, but it did not misapply our claim construction. Indeed, the court correctly found that the Move computer does not do the selecting; a user does the selecting, and then the computer merely updates display variables to reflect the user's selection, which we expressly held did not constitute selection in the previous appeal. *Id.* at 5–6; *see also Move*, 413 F. App'x at 286. Although certain steps of REAL's claimed method may be performed by individuals using Move's system, that does not equate to direct infringement or joint direct infringement because Move does not exercise direction or control over users of its websites. Move's computer does not select boundaries; it just loads a map after a user provides specific instruction as to his or her geographic area of interest; *i.e.*, Move's computer does not "choose" the neighborhood within the county, the user makes that selection, and then the computer just retrieves a map based on the programmed coordinates for that neighborhood. As REAL's own expert admitted, Move's computer would retrieve the same map of Beverly Hills every time a user selected Beverly Hills or 90210 from a list of neighborhoods or zip codes in L.A. County, which is not a "choice" because the coordinates for Beverly Hills are already encoded. Accordingly, we conclude that the district court did not err by finding no genuine issue of material fact that Move is not liable for direct infringement of claim 1 of the '989 patent.

However, that does not end our analysis because the district court's grant of summary judgment implicitly rested on its determination that Move also could not be liable for indirect infringement. We conclude that the district court legally erred by not analyzing inducement

under 35 U.S.C. § 271(b). Recently, sitting *en banc* in *Akamai*, we clarified the law on inducement. We explained that all the steps of a claimed method must be performed in order to find induced infringement, but that it is not necessary to prove that all the steps were committed by a single entity. *Akamai*, 692 F.3d at 1307. In so holding, we overruled the holding in *BMC* that in order for a party to be liable for induced infringement, some other entity must be liable for direct infringement. *Id.*

The district court here summarily concluded that because Move, as a single party, was not liable for direct infringement, it could not be liable for joint infringement. *Remand Order*, slip op. at 6. However, as we explained in *Akamai*, our prior cases do not require a single-entity requirement in the inducement context. *Akamai*, 692 F.3d at 1315–17. Rather, liability under § 271(b) may arise when the steps of a method claim are performed by more than one entity, provided that the other requirements for inducement are met. *See id.* at 1306, 1318.

Although properly following our then-existing precedent, the district court failed to conduct an indirect infringement analysis. The court did not determine whether a genuine issue of material fact existed as to the performance of all the claim steps—whether by one entity or several. Moreover, the court did not analyze whether Move had knowledge of REAL's patent and induced users to perform the claim steps that Move did not itself perform.

We therefore vacate the district court's grant of summary judgment and remand for a determination whether Move is liable for indirect infringement under the standard set forth in *Akamai*. That standard requires that the accused inducer, here, Move, knew of the asserted patent and performed or knowingly induced the performance of the steps of the claimed methods, and that all of those steps were in fact performed.

Finally, REAL has asked that the case be randomly reassigned to a different judge based on the proposition that the district court deliberately and intentionally refused to follow our specific directions on remand from its claim construction appeal. Appellant Br. 31–34. REAL specifically contends that Chief Judge King does not possess "an open mind" and therefore is not "prepared to consider REAL's arguments properly on the merits," that reassignment is advisable to preserve the appearance of justice due to his supposed partiality, and that such extraordinary action would entail no waste of judicial resources. *Id.* at 33–34. We take such allegations seriously, but having carefully considered the record before us, conclude that REAL's accusations are wholly without merit. Accordingly, reassignment is not warranted.

CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment is vacated. The case is remanded for further proceedings consistent with this opinion.

**VACATED AND REMANDED**